IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS GRANT MARSHALL, § | |
| TDCJ No. 476513, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:18-CV-4135 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

Petitioner Douglas Grant Marshall challenges a state court conviction for murder for which he is serving a life sentence. Marshall's claim of actual innocence of the crime fails to state a basis for federal habeas corpus relief and should be dismissed with prejudice. Alternatively, to the extent this Court understands Marshall to raise any other claims regarding his conviction, such claims would be time-barred.

## JURISDICTION

Marshall seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Marshall was convicted within this Court's jurisdiction.

## PETITIONER'S ALLEGATIONS

The Director understands Marshall to allege that he is actually innocent of the crime. ECF 1, at 7-9.

## DENIAL

The Director denies all of Marshall's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Marshall and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

### I. Procedural History

Marshall challenges the Director's custody of him pursuant to the judgment and sentence of the 268th District Court of Fort Bend County, Texas, in cause no. 17,047A. SHCR-01, at 8-9.[1] Marshall was charged by indictment with murder. *Id.* at 2. He pled not guilty, was tried by a jury, found guilty, and was sentenced by the jury to life imprisonment on March 4, 1988. *Id.* at 8.

Marshall's conviction was affirmed by the First Court of Appeals of Texas on May 18, 1989. *Marshall v. State*, No. 01-88-00263-CR, slip op. (Tex. App.–Houston [1st] 1989). Marshall filed a petition for discretionary review (PDR) and it was refused on September 20, 1989. *Marshall v. State*, PDR No. 0969-89 (Tex. Crim. App. 1989).

Marshall filed his first application for state writ of habeas corpus challenging his conviction, at the earliest, on December 15, 2001.[2] SHCR-01,

---

[1] SHCR-01 refers to the written pleadings contained within *Ex parte Marshall*, No. 51,694-01 (Tex. Crim. App. 2002). Marshall's other state habeas applications are cited in similar fashion as SHCR-02 and SHCR-03.

[2] The prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Director reserves the right to

at 24. It was denied without written order on the findings of the trial court, without a hearing, on April 17, 2002. SHCR-01, at Action Taken. Marshall filed two more applications challenging his conviction, on July 11, 2002, and May 24, 2011, respectively. SHCR-02, at 11; SHCR-03, at 66. Both applications were dismissed as subsequent pursuant to Tex. Code Crim. Proc. art. 11.07 § 4. SHCR-02, at Action Taken; SHCR-03, at Action Taken.

This proceeding followed on or about June 15, 2018. ECF 1, at 16.

I. Statement of the Facts

The state appellate court summarized the facts as follows:

During the early morning hours of August 29, 1985, Eunice Green ("decedent") was stabbed to death while working for her employer, Jack in the Box. The medical examiner testified that the decedent sustained a deep cutting wound across the neck, two stab wounds which measured 5-1/2 inches in depth in the upper left chest, stab wounds of 8-1/2 inches on the left breast, as well as numerous other stab wounds. There were no witnesses to the incident.

On September 27, 1986, appellant walked into the sheriff's office in Bellaire, Antrim County, Michigan, and said, "I want to turn myself in for murder." Officer Koloski, of the Michigan Sheriff's Department, testified that after he heard appellant's statement, he notified his shift commander, Sergeant Roggenbeck. After the initial interview with appellant, Roggenbeck read appellant his rights. At this point, Roggenbeck then called the police department in Stafford, Texas, where the stabbing took place, and spoke to Sergeant Prejean. Roggenbeck took a statement from appellant, placed him in custody, and returned him to Texas.

*Marshall v. State*, slip op. at 1-2.

---

argue later filing dates than the dates that Marshall signed his state habeas applications.

## RECORDS

Records of Marshall's state court proceedings have been filed with the Court.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

Marshall's petition is not subject to the successive petition bar. 28 U.S.C. § 2244(b).

Marshall's claim of actual innocence is not cognizable on federal habeas review, and as such, the affirmative defenses are not applicable. The Director reserves the affirmative defenses should the Court disagree.

To the extent this Court understands Marshall to raise claims related to his conviction other than actual innocence, those claims would be barred by the statute of limitations. 28 U.S.C. § 2244(d). The Director reserves the right to argue exhaustion and procedural default should the Court disagree with the Director's analysis of the statute of limitations defense.

## MOTION FOR SUMMARY JUDGMENT

A party moving for summary judgment bears the burden of informing the Court of the basis for the motion and identifying pleadings and other record evidence demonstrating the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). However, while summary judgment rules apply with equal force in a federal habeas proceedings, the

4

rule only applies to the extent that it does not conflict with the rules governing habeas review. "Therefore, § 2254(e)(1) - which mandates that findings of fact made by a state court are 'presumed to be correct'-overrides the ordinary rule that, in summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless . . . [the petitioner] can 'rebut [ ] the presumption of correctness by clear and convincing evidence' as to the state court findings of fact, they must be accepted as correct." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grds by Tennard v. Dretke*, 542 U.S. 274 (2004).

I.   **Marshall's Claim, That He is Actually Innocent, is Not Cognizable**.

Marshall asserts that he is actually innocent of the offense. ECF 1, at 7-9. However, this claim must be rejected because it does not raise a ground upon which federal habeas relief may be granted. According to the Supreme Court, claims of newly discovered evidence, casting doubt on the petitioner's guilt, are not cognizable in federal habeas corpus. *Herrera v. Collins*, 954 F.2d 1029, 1034 (5th Cir. 1992) (quoting *Townsend v. Sain*, 372 U.S. 293, 317 (1963), overruled on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 6 (1992)). On review of *Herrera*, the Supreme Court further stated:

> Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding . . . . This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact.

*Herrera*, 506 U.S. 390, 400 (1993). Therefore, because claims of actual innocence fail to state a ground for federal habeas corpus relief, Marshall's

5

actual innocence claim must be dismissed with prejudice. *Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998).

## II. Alternatively, to the Extent Marshall Raises Other Claims Related to His Conviction, They Are Time-barred.

Alternatively, to the extent that this Court understands Marshall to raise claims related to this conviction, other than actual innocence, those claims would be barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2018).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Marshall from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Marshall does not raise claims concerning a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Marshall has not shown that he could not have discovered the factual predicate of any claims until a date subsequent to the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D).

Therefore, the date that Marshall's conviction became final would start the running of the limitations period. 28 U.S.C. § 2244(d)(1)(A). Marshall's petition for discretionary review was refused on September 20, 1989. *Marshall v. State*, PDR No. 0969-89. His conviction became final ninety days later on December 19, 1989, when the time for timely filing a petition for writ of certiorari expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires); Sup. Ct. R. 13.1. Since the conviction became final before enactment of AEDPA, Marshall would have had until one year after the AEDPA's effective date, April 24, 1996, in which to file his federal petition for writ of habeas corpus, absent tolling. *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998); *Fields v. Johnson*. 159 F.3d 914 (5th Cir. 1998). Therefore, Marshall had until April 24, 1997, to file a timely federal petition for habeas corpus, absent tolling.

AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). However, Marshall did not have any state habeas applications pending during the limitations period; they were all filed well after the applicable period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

Marshall's federal petition for writ of habeas corpus filed on October 2, 2018, is over twenty-one years late. ECF 1, at 1. It should be dismissed with prejudice as time-barred.

Finally, Marshall fails to meet the demanding standard for actual innocence presented in *Schlup* in order for time-barred claims to be considered. ECF 1, at 12; *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Schlup v. Delo*, 513 U.S. 298, 314–16 (1995). In *Perkins*, the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup*. 133 S. Ct. at 1935. A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513

U.S. at 326–27; *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). Marshall has provided this Court with no new, reliable evidence that he is actually innocent. *Schlup*, 513 U.S. at 326–27. Therefore, any claims he might raise regarding his conviction remain time-barred.

## CONCLUSION

The Director respectfully requests that the Court grant the Director's Motion to for Summary Judgment, dismiss the petition with prejudice, and deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Lead Counsel

s/ Jessica Manojlovich
JESSICA MANOJLOVICH*
Assistant Attorney General
State Bar No. 24055632
Southern District ID No. 783178

9

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing the same in the United States Mail, postage prepaid, on the 18th day of April 2019, addressed to:

Douglas Grant Marshall
TDCJ No. 476513
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

s/ Jessica Manojlovich
JESSICA MANOJLOVICH
Assistant Attorney General